United States District Court
Middle District of Florida
Tampa Division

**VALERIE WOLF,**

  *Plaintiff,*

v.              **NO. 8:13-cv-3222-T-23PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

  *Defendant.*

---

## Report and Recommendation

Before the Court is a motion by the defendant, the Commissioner of the Social Security Administration (SSA), seeking reversal and remand for further agency proceedings. Doc. 18. The plaintiff, Valerie Wolf, initially opposed the motion, Doc. 18 at 1, but no longer does. Doc. 20. I heard argument on the motion. Doc. 22. I recommend granting it.

**I. Legal Framework**

The Commissioner has established an administrative review process a claimant ordinarily must follow to receive benefits or judicial review of their denial. 20 C.F.R. § 404.900(a); *Bowen v. New York*, 476 U.S. 467, 471−72 (1986). At the first level, a state agency acting under the Commissioner's authority makes an initial determination. 42 U.S.C. §§ 405(b)(1), 421(a); 20 C.F.R. §§ 404.900(a)(1), 404.902, 404.1503. If the claimant is dissatisfied with the initial determination, she may ask for reconsideration. 20 C.F.R. §§ 404.900(a)(2), 404.907, 404.909(a)(1). If she is

dissatisfied with the reconsideration decision, she may ask for a hearing before an Administrative Law Judge (ALJ) in the SSA's Office of Hearings and Appeals. 42 U.S.C. § 405(b)(1); 20 C.F.R. §§ 404.2(b)(3), 404.900(a)(3), 404.907, 404.929, 404.930. If she is dissatisfied with the ALJ's decision, she may ask for review by the Appeals Council within the SSA's Office of Hearing and Appeals. 20 C.F.R. §§ 404.2(b)(2), 404.900(a)(4), 404.967.

SSA regulations define "final decision" with reference to that administrative review process: "When you have completed [the process], we will have made our final decision." 20 C.F.R. § 404.900(a)(5). If the Appeals Council grants review, its decision is the final decision. 20 C.F.R. §§ 404.901, 404.955, & 404.981. If it does not, the ALJ's decision is the final decision. 20 C.F.R. §§ 404.901, 404.955 & 404.981. If a claimant does not request review from the Appeals Council, there is no final decision. *Sims v. Apfel*, 530 U.S. 103, 107 (2000).

A claimant must receive notice of a reconsideration determination, the reasons for it, and the right to ask for a hearing before an ALJ. 20 C.F.R. § 404.922. To proceed, she must submit a timely request for a hearing before an ALJ or an extension of the time to make the request. 20 C.F.R. §§ 404.930(b), 404.933. An extension request must explain in writing why more time is requested. 20 C.F.R. §§ 404.933(c). The extension will be granted if she presents good cause, which may include failure to receive notice of a determination or decision. 20 C.F.R. §§ 404.911, 404.933(c). If she does not present good cause, dismissal of the hearing request is warranted. 20 C.F.R. §§ 404.900(b), 404.957(c)(3). While an ALJ or the Appeals Council may vacate

the dismissal of a hearing request, 20 C.F.R. § 404.960(a), and a claimant must receive notice of that possibility, 20 C.F.R. § 404.958, the denial of a request for more time ordinarily is not subject to the administrative review process or judicial review, 20 C.F.R. § 404.903(j), and, thus, the dismissal of a request for a hearing is ordinarily binding unless an ALJ or the Appeals Council vacates it, 20 C.F.R. § 404.959.

42 U.S.C. § 405(g) is the exclusive basis for district-court review of a decision by the Commissioner.[1] 42 U.S.C. § 405(h). It provides: "Any individual, after any final decision of the Commissioner … made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action." There are two prerequisites to § 405(g) jurisdiction: submission of a claim to the SSA and exhaustion of the administrative review process. *Mathews v. Eldridge*, 424 U.S. 319, 328–29 (1976). Submission of a claim is a non-waivable prerequisite; exhaustion of the administrative review process is a waivable one. *Id.* at 328. The Commissioner's failure to challenge the claimant's exhaustion of the administrative review process may be deemed a waiver of the exhaustion prerequisite. *Heckler v. Day*, 467 U.S. 104, 110 n.14 (1984); *Weinberger v. Salfi*, 422 U.S. 749, 766−67 (1975).

---

[1]The United States provides benefits to disabled persons under two distinct programs administered by the SSA: the Social Security Disability Insurance Program (SSDI) established by Title II of the Social Security Act, which pays benefits to disabled persons who have contributed to the program, and the Supplement Security Income Program (SSI) established by Title XVI of the Act, which provides benefits to disabled persons who are indigent. *Bowen*, 476 U.S. at 469. The regulations for the programs are "essentially the same," *id.*, and their judicial review statutes are too— 42 U.S.C. § 1383(c)(3), the judicial review statute for the SSI program, incorporates by reference § 405(g), the judicial review statute for the SSDI program. Although the Commissioner requests reversal and remand under both review statutes, Doc. 18 at 2, only § 405(g) applies because Wolf applied for benefits under only Title II.

Section 405(g) specifies the "exclusive methods by which district courts may remand" to the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Under "sentence four" of § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing." Under "sentence six" of § 405(g), "[t]he court may, on motion of the Commissioner … made for good cause shown before the Commissioner files [an] answer, remand the case … for further action by the Commissioner …, and it may at any time order additional evidence to be taken …; and the Commissioner … shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or … decision, or both, and shall file with the court any such additional and modified findings of fact and decision."

The "principal feature that distinguishes a sentence-four remand from a sentence-six remand" is the "[i]mmediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court)." *Shalala*, 509 U.S. at 297. In a sentence-four remand, a court makes a substantive decision (affirmance, modification, or reversal) and enters final judgment; in a sentence-six remand, a court does neither. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

II. **Agency and Judicial Proceedings**

Wolf applied for benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. Doc. 6-1 ¶ 3(a). A state agency denied her application. Doc. 6-1 ¶ 3(a);

4

Doc. 6-1 at 4. She asked for reconsideration. Doc. 6-1 ¶ 3(a). The SSA found the denial was correct. Doc. 6-1 ¶ 3(a); Doc. 6-1 at 4. She belatedly asked for a hearing by an ALJ. Doc. 6-1 ¶ 3(a); Doc. 7-2. She explained the SSA had not notified her or her counsel of its reconsideration determination and only after the deadline, in response to inquiry, sent an undated reconsideration determination that included no explanation and appeared to include a later-added "cc" to her counsel. Doc. 7-2 at 3.

An ALJ dismissed the hearing request. Doc. 6-1 ¶ 3(b); Doc. 6-1 at 6−10. He found Wolf had failed to present good cause for missing the deadline, explaining there was no evidence she and her counsel had not received notice of the reconsideration determination and the United States Postal Service had returned no notice as undeliverable. Doc. 6-1 at 10. He added her counsel had not timely followed up on the reconsideration request, instead waiting almost eight months to do so. Doc. 6-1 at 10.

Repeating the reasons for delay, Wolf asked the Appeals Council to review the ALJ's dismissal of her hearing request. Doc. 6-1 ¶ 3(c); Doc. 6-1 at 11−14. The Appeals Council denied the review request, explaining, "We found no reason under our rules to review the … dismissal." Doc. 6-1 ¶ 3(d); Doc. 6-1 at 15−16.

Wolf brought this case. Doc. 1. She originally filed a standard social-security complaint seeking review under § 405(g) of an alleged final decision and demanding reversal and remand with instructions to find she is entitled to benefits or to conduct further agency proceedings. Doc. 1 at 1−2. The Commissioner originally moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), contending the Court lacked subject-matter jurisdiction because § 405(g) limits judicial review to a final decision

5

made after a hearing, and the ALJ's dismissal of the hearing request was not a final decision and was not made after a hearing. Doc. 6.

During argument on the motion to dismiss, Wolf's counsel asked for leave to amend the complaint to assert a due-process claim. Doc. 14, Doc. 15. I granted the motion, Doc. 16, and Wolf filed an amended complaint, Doc. 17. In it, she sets forth the above procedural history, repeats the arguments she made before the SSA, and asserts a due-process claim (without specifying procedural or substantive).[2] Doc. 17. She contends the SSA's failure to timely notify her or her counsel of its reconsideration denial, failure to date the denial, and failure to explain the reason for the denial violates the Fifth Amendment. Doc. 17 ¶ 16. She seeks reversal and remand with instructions to honor her hearing request.[3] Doc. 17 ¶ D.

Through the unopposed motion now before the Court, the Commissioner seeks reversal and remand under sentence four of § 405(g). Doc. 18. The Commissioner "believes remand would be appropriate because the Commissioner has determined that Plaintiff had good reason for the untimely filing of her request for hearing. On

---

[2]Without specifying a cause of action, Wolf also purports to bring related standalone claims for asserted violations of 20 C.F.R. § 404.922 ("We shall mail a written notice of the reconsidered determination to the parties at their last known address. We shall state the specific reasons for the determination and tell you and any other parties of the right to a hearing.") and 20 C.F.R. § 404.911 (setting forth circumstances constituting good cause and considerations for determining good cause). The ability to bring those types of standalone claims is not before the Court.

[3]Wolf also seeks attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Doc. 17 ¶ E. That request should be made through a timely application following entry of final judgment. *See generally* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses.").

remand, the ALJ shall provide Plaintiff with an opportunity for a hearing." Doc. 18 at 1.

### III. Analysis

Although the Commissioner challenged Wolf's exhaustion efforts (and thus subject-matter jurisdiction) in response to the original complaint, Doc. 6, the Commissioner does not challenge them in response to the amended complaint, Doc. 18. The Court has subject-matter jurisdiction under § 405(g) because Wolf submitted a claim to the SSA through her application for benefits, Doc. 6-1 ¶ 3(a), and the Commissioner has now waived the exhaustion prerequisite by failing to challenge it in response to the amended complaint. *See Mathews*, 424 U.S. at 328 (claim submission is non-waivable jurisdictional prerequisite; administrative-review-process exhaustion is not); *Weinberger*, 422 U.S. at 766–67 (failure to challenge claimant's exhaustion effort may be deemed waiver of exhaustion prerequisite).

I heard argument on the Commissioner's motion to dismiss to clarify the type of relief the Court could order. The Commissioner requests a sentence-four reversal and remand ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment … reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing," 42 U.S.C. § 405(g)). *See* Doc. 18 at 2. But the circumstances (the absence of an answer, the absence of a typical transcript of the record, the apparent application of the good-cause standard, and the request for remand for the opportunity for a hearing in the first instance rather than for a rehearing) seemed to point instead to the first part of sentence six ("The court may,

7

on motion of the Commissioner … made for good cause shown before the Commissioner files [an] answer, remand the case to the Commissioner … for further action by the Commissioner.").

At argument, the parties contended a sentence-four reversal and remand—rather than a sentence-six remand—is appropriate because, unlike a typical sentence-six-remand scenario in which the SSA must recreate a lost agency record or consider additional evidence before the court may review the agency decision to make a substantive judicial decision, the Commissioner here concedes error (the ALJ incorrectly found Wolf did not have good cause for belatedly requesting a hearing) warranting a substantive judicial decision (reversal) and there is no apparent need to keep the case open while the agency conducts post-remand proceedings. The parties agreed with the suggestion that a sentence-four reversal and remand under the circumstances accords with sentence four's plain language because "pleadings" includes "pleading" under statutory construction rules absent contrary context not present here, *see* 1 U.S.C. § 1 ("words importing the plural include the singular") and the agency documents before the Court (including the ALJ's dismissal order and the Appeals Council's review denial) may be considered the transcript of the record because they include rationale and comprise what the Commissioner—through failure to challenge exhaustion—considers the final decision. As to sentence four's reference to "rehearing" as opposed to "hearing," a rehearing is inapplicable if, as here, the Commissioner waives the exhaustion prerequisite.

Finding persuasive the parties' contentions that sentence-four authorizes

8

reversal and remand under the circumstances (particularly the absence of any apparent need to keep this case open pending post-remand agency proceedings) and concluding for the above reasons that reversal and remand under the circumstances does not offend § 405(g)'s plain language, I recommend ordering the sentence-four reversal and remand as the parties request.

IV.   **Recommendation**

I recommend:

1. **granting** the Commissioner's unopposed motion, Doc. 18;

2. **remanding** the case to the Commissioner under sentence four of § 405(g) to provide Wolf an opportunity for a hearing before an ALJ; and

3. **directing** the Clerk of Court to enter judgment in favor of Wolf and against the Commissioner and close the file.[4]

**Entered** in Jacksonville, Florida, on October 15, 2015.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record

---

[4]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.