United States District Court
Middle District of Florida
Tampa Division

**VALERIE WOLF,**

       *Plaintiff,*

v.                                   **NO. 8:13-cv-3222-T-23PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

       *Defendant.*

---

### Report and Recommendation

The Court earlier granted the Commissioner of the Social Security Administration's motion for remand, reversed the Commissioner's denial of Valerie Wolf's claim for disability benefits, and, under sentence four of 42 U.S.C. § 405(g), remanded for further agency proceedings. Doc. 24. She now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, **$3,675.95** in attorney's fees. Doc. 26 (original motion); Doc. 31 (amended motion); Doc. 34 (supplement to amended motion).[1] The Commissioner does not oppose the motion. Doc. 31 ¶ 8. I recommend granting it.

The EAJA provides a court must award attorney's fees to a plaintiff who prevails in a non-tort case against the United States. 28 U.S.C. § 2412(d)(1)(A). In

---

[1]The amended motion differs from the original motion only to reflect it is unopposed. *Compare* Doc. 26 (original motion) *with* Doc. 31 (amended motion). The supplement to the amended motion provides information to assess the reasonableness of the requested attorney's fees. Doc. 34.

ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested them, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. §2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the entry of the judgment. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must allege the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if alleged, the Commissioner must show it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied, and, on the fifth, no equitable consideration is presented or apparent that would make an EAJA award unjust. Wolf prevailed because the Court ordered a sentence-four remand. Doc. 24. Her original January 4, 2016, motion, Doc. 26, is timely because she made it the day the Court's

November 4, 2015, judgment, Doc. 25, became final. She represents her net worth did not exceed $2 million when she filed this case, Doc. 31 ¶ 5, and there is no apparent reason to reject that representation. Her motion includes an allegation the Commissioner's position was not substantially justified, Doc. 31 ¶ 4, and the Commissioner has not tried to satisfy her burden of showing otherwise. The Commissioner does not contend the case presents a special circumstance, and none is apparent. She is eligible to receive an EAJA award. The only remaining issue is whether the requested amount is reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except … shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA therefore establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996],

3

or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation." *Id.* at 1034.

The movant has the burden of demonstrating reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. The amount an attorney charges clients is "powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as determined by supply and demand." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354−55 (11th Cir. 2000) (internal quotation marks omitted). "On the other hand, a court should hesitate to give controlling weight to prior awards, even though they may be relevant. … The reason is obvious: Prior awards are not direct evidence of market behavior; the court is not a legal souk." *Id.* at 1355.

Often "faced with inadequate fee applications," a trial court is "itself an expert" on reasonable rates, may consider its own "knowledge and experience" concerning reasonable rates, and may "form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green, 112 F.2d 143, 144 (5th Cir.1940)*). Accordingly, if there is lack of documentation or testimonial support, a trial court may make the award on its own experience as long as it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

Wolf is represented by Matthew Sauerwald, Esquire, and Adam Neidenberg, Esquire. Together, they spent 19.50 hours on the case. Doc. 34 at 7. They performed work for one quarter of an hour in 2013, and the rest in 2014 and 2015. Doc. 34 at 6–7. She provides a breakdown of the tasks performed and time it took to perform each task. Doc. 34 at 6–7. Citing the Consumer Price Index, she requests $188.51 an hour for each attorney. Doc. 31 at 5.

In her amended motion, Wolf states she attaches "supporting declarations" but does not. Doc. 31 ¶ 6. Provided with an opportunity to submit evidence to satisfy her burden of demonstrating reasonableness, she filed an affidavit of Sauerwald. Doc. 34 at 4–5. He has been a member of the Florida Bar since 2006. Doc. 34 at 4. He worked as an assistant state attorney until 2010, when he started practicing social-security law. Doc. 34 at 4. He has been involved in over 2000 social-security hearings and has appeared before over 100 administrative law judges. Doc. 34 at 4. He manages a law firm that employs a dozen or more attorneys and works with over 20 contract attorneys, all of whom practice social-security law. Doc. 34 at 5. He "has consulted on scores of federal appellate claims" and "has assisted multiple Social Security law firms in their federal appellate practice." Doc. 34 at 5. Although he has never before filed a notice of appearance in this Court, he has worked with firms on over 10 cases in this Court. Doc. 34 at 5. He does not indicate his hourly rate or what he has received in other cases. *See generally* Doc. 34. He spent 12.75 hours on the case. Doc. 34 at 7.

Wolf did not provide an affidavit of Neidenberg. Florida Bar records indicate he has been a member since 1997. *See* "Find a Lawyer" on www.floridabar.org. This

Court's records indicate he is a named partner in his firm and has entered an appearance in more than 50 social-security cases. In the supplement, he does not indicate his hourly rate but cites three cases he handled (one from this Court, one from the Southern District of Florida, and one from the Northern District of Georgia) in which the courts recently awarded EAJA fees of $188.51 an hour. Doc. 34 at 2. He also cites five cases from this Court as a "brief survey of case law in the Middle District of Florida for Social Security Disability cases" in which the courts awarded EAJA fees of between $188.75 and $191.58 an hour. Doc. 34 at 2. He spent 6.75 hours on the case. Doc. 34 at 7.

The requested rate of $188.51 an hour for Sauerwald and Neidenberg is reasonable. On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), Wolf did not provide the amount her attorneys charge clients, which would have been "powerful, and perhaps the best, evidence of [their] market rate." *See Dillard*, 213 F.3d at 1354–55 (quoted). The Court should "hesitate to give controlling weight to prior" amounts for work done by Neidenberg. *See id.* at 1355 (quoted). And without information on whether the attorneys in the other cases Wolf cites had reasonably comparable skills, experience, and reputation to Sauerwald and Neidenberg, the cases offer little or no persuasive value. Nevertheless, drawing on my own knowledge and experience, the market rate in Tampa for similar services provided by lawyers of

reasonably comparable skills, experience (here, substantial), and reputation[2] exceeds $125. On the second step (determining whether to adjust the rate upward from $125), the increase in the cost of living justifies an adjustment to $188.51. *Meyer*, 958 F.2d at 1034. Using the United States Department of Labor's Consumer Price Index (CPI) Inflation Calculator, the maximum rate of $125 in 1996 adjusted for cost-of-living increases is $185.59 in 2013, $188.60 in 2014, and $188.83 in 2015. *See* U.S. Dept. of Labor, Bureau of Labor Statistics, *CPI Inflation Calculator*, available at www.bls.gov/data/inflation_calculator.htm (last visited March 15, 2016). Wolf's request for the 2014 amount for the one quarter of an hour of work done in 2013 is offset by her request for the 2014 amount for several hours of work done in 2015. *See* Doc. 34 at 6–7.

The number of hours are likewise reasonable. Work on the case included responding to a motion to dismiss addressing a difficult issue of subject-matter jurisdiction, Doc. 7, preparing for and attending a hearing on the motion to dismiss, Doc. 14, and preparing a three-count amended complaint, Doc. 17. None of the work performed was clerical or secretarial, and none appears excludable as unnecessary. *See generally* Doc. 34 at 6–7.

An EAJA award is to the party, not her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010). Because Wolf is eligible and her requested attorney's fees are

---

[2]Nothing is presented about the reputations of Sauerwald and Neidenberg, and I am unfamiliar with their reputations. Their substantial experience in social-security work presumably translates to reputations as lawyers who have substantial experience in social-security work. And that substantial experience presumably positively affects their skills.

reasonable, the Court recommends granting her motion, Doc. 31, and awarding her the fees, leaving to the Commissioner's discretion whether to accept any assignment of EAJA fees to her attorneys after determining if she owes a federal debt.[3]

I recommend the Court:

1.   **grant** Wolf's amended EAJA motion, Doc. 31, as supplemented, Doc. 34;

2.   **award** Wolf $3,675.95 in attorney's fees; and

3.   **direct** the clerk to enter judgment in favor of Wolf and against the Commissioner for $3,675.95 in attorney's fees.[4]

**Entered** in Jacksonville, Florida, on March 16, 2016.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Counsel of Record

---

[3]The amended motion, as supplemented, implies but does not show Wolf assigned EAJA fees to her attorneys, instead only stating, "Any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Commissioner may, in her discretion, accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Doc. 31 at 2, 6. Unlike most motions for EAJA fees, no assignment agreement is offered.

[4]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections" to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.